**Oscar ROSSETT, Jr., Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 03–3023.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 5, 2004.

Before LOURIE, SCHALL, and LINN, Circuit Judges.

DECISION

PER CURIAM.

Oscar Rossett, Jr., petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the reconsideration decision of the Office of Personnel Management ("OPM") denying his application for disability retirement benefits. *Rossett v. Office of Pers. Mgmt.*, No. DA–844E–00–0005–B–2 (M.S.P.B. Aug. 20, 2002). We *dismiss* for lack of jurisdiction.

DISCUSSION

I.

Mr. Rossett timely appealed to the Board from OPM's reconsideration decision denying his application for disability retirement benefits. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision affirming OPM's decision. *Rossett v. Office of Pers. Mgmt.*, No. DA–844E–00–0005–B–2 (M.S.P.B. July 16, 2002). In an exhaustive decision in which he thoroughly analyzed all the pertinent evidence, the AJ determined that Mr. Rossett had failed to establish that he was disabled under the applicable statutes and regulations. Pursuant to 5 C.F.R. § 1201.113, the AJ's initial decision became the final decision of the Board on August 20, 2002, after Mr. Rossett failed to file a petition for review. This appeal followed.

II.

Pursuant to 5 U.S.C. § 8461(d), OPM is charged with making disability determinations concerning federal civilian employees. Section 8461(d) provides in relevant part that, except for an appeal to the Board, see 5 U.S.C. § 8461(e)(1), such determinations by OPM are "final and conclusive and are not subject to review."

Under this statutory scheme, the Board's factual findings and conclusions with respect to Mr. Rossett's disability claim are not subject to our review. We may only review whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)).

Mr. Rossett's sole argument on appeal is that the Board erred in its factual findings when it determined that he had failed to establish that he was disabled under applicable statutes and regulations. *Lindahl* and *Anthony* make clear that this is precisely the sort of claim that we have no authority to consider. Under these circumstances, we have no alternative but to dismiss the appeal for lack of jurisdiction. Mr. Rossett's appeal is therefore dismissed.

Each party shall bear its own costs.